COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

BRIAN SEGURA

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 11-1162
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**J. Phillip Haney
District Attorney, Sixteenth JDC
Angela B. Odinet
Assistant District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR STATE-APPELLEE:
      State of Louisiana**

**Edward John Marquet
Attorney at Law
Post Office Box 53733
Lafayette, LA 70505-3733
(337) 237-6841
COUNSEL FOR DEFENDANT-APPELLANT:
      Brian Segura**

**PICKETT, Judge.**

## FACTS

On July 9, 2011, the defendant, Brian Segura, was housed in the Iberia Parish Jail. He was in the E-Pod, cell number thirteen, with two other inmates, Victor Goodman and Jeremy Richard. On that morning, when the jailer, Deputy John Harrington entered the cell to complete a morning head count, the three men captured him, handcuffed him, bound his feet, and threatened him with homemade knives. They took his wallet and keys. They then attempted to negotiate for their transfer out of the Iberia Parish Jail. They asked to speak with a person from the FBI. They asked for a two-way radio, a cell phone, cigarettes, and a lighter, and threatened to harm Deputy Harrington if their demands were not met.

The defendant was charged with aggravated kidnapping, a violation of La.R.S. 14:44, and armed robbery, a violation of La.R.S. 14:64. A jury trial commenced on January 17, 2012, and on January 19, 2012, the jury returned a verdict of guilty as charged on both counts. The defendant was sentenced on March 28, 2012, to life imprisonment on the conviction for aggravated kidnapping and fifty years at hard labor on the conviction for armed robbery. The sentences were ordered to be served concurrently with each other and consecutively with any other sentence the defendant was serving. The defendant did not file a motion to reconsider the sentence.

The defendant has perfected a timely appeal, alleging that there was insufficient evidence to sustain the verdict of aggravated kidnapping.

## ASSIGNMENT OF ERROR

The State failed to prove beyond reasonable doubt essential elements of the crime of aggravating kidnapping. Specifically there was inadequate proof that the victim was carried from one place to another

and that the defendant had intent to force some other person to give up anything of apparent or prospective value in order to secure release of the victim.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## DISCUSSION

The defendant argues in brief that the state failed to prove two of the necessary elements of aggravated kidnapping, relocation and extortion. He argues that Deputy Harrington was captured inside the cell, and he stayed there until he was recused by SWAT. Furthermore, he argues that the items requested, the cigarettes and lighter and the two-way radio, were not items of value but items of convenience to be used during and for the purpose of the negotiation.

Louisiana Revised Statutes 14:44, in pertinent part, provides:

> Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control:
>
> (1) The forcible seizing and carrying of any person from one place to another; *or*
>
> (2) The enticing or persuading of any person to go from one place to another; *or*
>
> (3) The imprisoning or forcible secreting of any person.

(Emphasis added.)

In *State v. Garcia*, 44,562, pp.7-8 (La.App. 2 Cir. 10/28/09), 26 So.3d 159, 165, *writ denied*, 09-2583 (La. 2/11/11), 56 So.3d 992, the second circuit discussed various factors which constitute aggravated kidnapping, as follows:

2

The Louisiana Supreme Court has held that the crucial question in determining whether an aggravated kidnapping has occurred is not whether the defendant intended to release the victim at either the outset of the crime or indeed at any point during the crime, but "whether the defendant sought to obtain something of value, be it sex or money or loss of simple human dignity, by playing upon the victim's fear and hope of eventual release in order to gain compliance with his demands." *State v. Arnold,* 548 So.2d 920, 924 (La.1989). Further, proof of intent to extort can be shown by "analyzing whether a reasonable person in the victim's position would believe that she would not be safely released unless she complied with the kidnapper's demands." *Id.*; *State v. Hill*, 40,023 (La.App. 2d Cir.09/21/05), 911 So.2d 379, 382, *writ denied,* 06-1476 (La.03/09/07), 949 So.2d 434.

In the current case, at trial, the following evidence was adduced. Deputy Harrington of the Iberia Parish Sheriff's Office was working in the Iberia Parish Jail as an "internal." On the morning in question, he was taking a head count of the prisoners in E-Pod. As he was checking cell number thirteen, he was grabbed around the neck by one of the inmates, Victor Goodman, and pulled into the cell. He was handcuffed with his own handcuffs, and his feet were tied with a shredded sheet. He stated that the three men, including the defendant, were armed with "shanks," which are homemade knives. He was told that if he did not cooperate, he would be killed. He stated that the three men were "angry and upset, mad, because everybody else was getting shipped and they was not getting ship [sic]." Deputy Harrington testified that they said they did this because they wanted to be shipped. They also took his wallet and keys. He stated that they then demanded cigarettes, cell phones, and two-way radios and said if their demands were not met, they would kill him. He further stated that while he was captive in the cell with the three men, they wiped sweat from his face, gave him water, and tried to make him more comfortable when he complained about his back hurting.

Jeremy Kelly, a lieutenant with the Iberia Parish Sheriff's Office, testified that he was summoned to the jail to negotiate with the prisoners. He explained that

3

it was difficult to communicate with the prisoners because they were using the intercom system which did not work well. He said the prisoners had complaints about the jail and wanted to be transferred. He stated that they did threaten Deputy Harrington's life if their demands were not met. Initially, the prisoners asked for cigarettes and two-way radios. They also demanded the presence of the FBI.

The testimony of Sergeant Ashley Irby and Detective Adrienne Wells, both with the Iberia Parish Sheriff's Office, essentially reiterated the above testimony. They also spoke with the defendant after the three prisoners were extracted from the jail cell. They stated that the defendant had said their intent was to point out the conditions of the jail.

The defendant's cell mates, Victor Goodman and Jeremy Richard, testified. Goodman pled guilty to second degree kidnapping and received thirty-five years at hard labor. Richard also pled guilty to second degree kidnapping and received thirty years at hard labor. Both prisoners testified that the three of them had concocted the scheme to capture Deputy Harrington the night before. They both acknowledged that they made verbal threats on the deputy's life. They testified that they wanted to put someone in their "position" in the jail cell. They also stated their request for cigarettes and a lighter was not one of the demands.

Finally, the defendant agreed with the testimony of Goodman and Richard. He testified that the intent to capture the deputy was to "ferret out the conditions at the jail." He further testified that cigarettes and a lighter were requested to calm them and were not one of the demands.

The defendant argues in brief that "an essential element of kidnapping— Carrying of person from one place to another" was missing in this case. He points out that the deputy was not moved anywhere after he was bound. However, the

relocation element set forth in 14:44(l) was not an essential element in this case. Capturing the deputy as he entered the cell was sufficient to establish the element of "imprisoning or forcibly secreting of any person." La.R.S. 14:44(3). It was not necessary, in prosecuting the defendant under 14:44, to prove the victim was moved from one place to another because that is not an element of the offense under 14:44(3) under the plain language of the statute.

The defendant further argues that the cigarettes and lighter, cell phone, and two-way radios had nothing to do with extortion. He argues that the two-way radios were requested to facilitate the negotiation process and that it would have been ridiculous for the defendant to risk life imprisonment for cigarettes and a cell phone. The defendant states, "the lunancy [sic] of such a conclusion is self-evident." The evidence in this case establishes the capture of the deputy at knife point, handcuffing him, making demands, and threatening to kill him if there was no compliance. As noted above, the focus is not on the value of the demand, but whether the defendant sought to obtain something, by playing upon the victim's or another's fear and hope of eventual release in order to gain compliance with his demands. *See also State v. Arnold*, 548 So.2d 920 (La.1989) and *State v. Leger*, 05-11 (La. 7/10/06), 936 So.2d 108, *cert. denied*, 549 U.S. 1221, 127 S.Ct. 1279 (2007). In this case the defendant sought to obtain cigarettes, a lighter, a cell phone, and transfer to another facility – all things of value. The defendant threatened to kill the deputy if his demands were not met.

The situation was only resolved when the SWAT team stormed the cell, took physical custody of the defendant and his cell mates, and freed the deputy. We find this assignment of error lacks merit.

## <u>DECREE</u>

The defendant's conviction for aggravated kidnapping is affirmed.

**AFFIRMED.**